OPINION *Page 2 
{¶ 1} Defendant-appellant Forrest Edward Wright appeals the July 24, 2006, judgment entry of the Stark County Court of Common Pleas imposing post-release control sanctions.
 {¶ 2} Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} On February 18, 2005, the Stark County Grand Jury returned an indictment against Forrest Edward Wright, charging him with one count of Notice of Change of Address; Registration of New Address and one count of Periodic Verification of Current Address, both felonies of the third degree.
 {¶ 4} Wright initially pleaded not guilty to these charges.
 {¶ 5} On March 11, 2005, as part of a plea agreement, the State moved to dismiss the second charge in exchange for Wright's guilty plea to the notice-of-change-of-address charge.
 {¶ 6} On April 11, 2005, the trial court accepted Wright's guilty plea, convicted him of the offense, and sentenced him to a community control sanction for a period of four years.
 {¶ 7} On May 16, 2005, a motion to revoke or modify the community control sanction was filed with the trial court. Appellant stipulated to the probation violation, knowing that a prison sentence would be imposed. The trial court accepted the stipulation, revoked the community control sanction, and imposed a prison term of two years. *Page 3 
 {¶ 8} The trial court admittedly failed to notify Wright of his post-release control ("PRC") obligations at this hearing or in the subsequent sentencing judgment entry filed May 19, 2005.
 {¶ 9} On July 17, 2006, the trial court sua sponte conducted a so-called Hernandez hearing in order to re-notify Wright of his PRC obligations, and to memorialize that re-notification by judgment entry filed July 24, 2006. At the beginning of the hearing, the trial court memorialized the prior notifications:
 {¶ 10} "The record should reflect that when you entered your plea, back on March 7th, `05, that I advised you of post-release controls. I have a checklist, I have your signature on that and my signature as well. I believe the transcript of your plea on that day would show that I did advise you of post-release controls.
 {¶ 11} "In addition, on the day that you changed your plea and were sentenced — or when I ordered a presentence investigation, you had signed a Criminal Rule 11(C) plea form — all right, you guys. And on that plea form, you were advised of post-release controls. It's signed by your lawyer and it's also signed by you.
 {¶ 12} "In addition, on the sentencing entry, when we sentenced you to community control sanctions, which was entered in on April 18th, 2005, we, again, advised you of post-release controls and the consequences of them." (July 17, 2006 T.(II) at 3-4.)
 {¶ 13} The trial court then proceeded to notify Wright of his PRC obligations, and then memorialize that re-notification by judgment entry. *Page 4 
 {¶ 14} "The Court finds that on March 7, 2005, as reflected by the pleaform [sic] and the Court's checklist which is followed in all pleas, that Defendant was previously advised of his post release control obligations.
 {¶ 15} "Whereupon in open court, the Court re-advised the Defendant of his post release control obligations as had been done on the date of his plea.
 {¶ 16} "Whereupon, the Court advised the Defendant that post release control is optional in this case up to a maximum of three (3) years, as well as the consequences for violating conditions of post release control imposed by the Parole Board under Revised Code 2967.28. The Defendant is ordered to serve as part of this sentence any term of post release control imposed by the Parole Board, and any prison term for violation of that post release control. (State v. Wright, Stark County Court of Common Pleas Case No. 2005-CR-0222, Judgment Entry (filed July 24, 2006), at 1-2.)
 {¶ 17} Appellant objected to the re-sentencing.
 {¶ 18} Appellant now appeals and assigns the following error for review:
 ASSIGNMENT OF ERROR {¶ 19} "I. A TRIAL COURT IS WITHOUT AUTHORITY TO CONDUCT A RESENTENCING HEARING FOR THE PURPOSE OF IMPOSING A TERM OF POST-RELEASE CONTROL AS PART OF THE DEFENDANT'S SENTENCE. IN CONDUCTING THE RESENTENCING HEARING, THE COURT VIOLATED APPELLANT'S RIGHTS UNDER THE DUE PROCESS, DOUBLE JEOPARDY, AND EX POST FACTO CLAUSES OF THE OHIO AND UNITED STATES CONSTITUTIONS." *Page 5 
 I. {¶ 20} In his sole assignment of error, Appellant argues that the trial court, in conducting a re-sentencing hearing, erred and violated his rights under the double jeopardy, due process, and ex post facto provisions of the Ohio and United States Constitutions. We disagree.
 {¶ 21} For the reasons set forth in this Court's decision in State v.Rich (January 29, 2007) Stark App. No. 2006CA00171, unreported, we overrule appellant's due process, ex-post facto and double jeopardy arguments.
 {¶ 22} Accordingly, we hereby overrule this Assignment of Error.
 {¶ 23} The judgment of the Court of Common Pleas, Stark County, Ohio, is affirmed.
 Wise, J. Farmer, P. J., and Edwards, J., concur. *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
 Costs assessed to appellant. *Page 1